*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MARCELLA MCCAUSLAND,

      Plaintiff-Appellant,

v

J.R. THOMPSON COMPANY, LLC d/b/a THE JRT AGENCY, and MARK W. BELLISSIMO,

      Defendants-Appellees.

UNPUBLISHED
August 03, 2026
2:12 PM

No. 373234
Oakland Circuit Court
LC No. 2024-206999-CK

Before: MARIANI, P.J., and MURRAY and PATEL, JJ.

MURRAY, J., (*concurring in part and dissenting in part*).

The majority holds that plaintiff sufficiently alleged a claim for gender discrimination and failed to properly allege a retaliation claim under the payment of wages and fringe benefits act, MCL 408.471 *et seq*., and a hostile work environment claim under the civil rights statute. Because those conclusions result from a correct application of the law to the allegations in plaintiff's complaint, MCR 2.116(C)(8), I concur with those parts of the opinion. However, for the reasons stated below, I would also hold that neither plaintiff's complaint nor proposed amended complaint sufficiently alleged a breach of contract claim, and therefore I dissent from that part of the majority opinion.

In her complaint plaintiff alleges that she had an employment agreement with defendant whereby she could only be terminated for just cause. We begin with the proposition that "an employment contract is just a contract." *Thomas v John Deere Corp*, 205 Mich App 91, 93; 517 NW2d 265 (1994). The primary goal of contractual interpretation is to determine and enforce the parties' intent. *Rasheed v Chrysler Corp*, 445 Mich 109, 127 n 28; 517 NW2d 19 (1994). In so doing, this Court reads the contract as a whole and attempts to ascertain and apply its ordinary and plain meaning. *Mich Twp Participating Plan v Pavolich*, 232 Mich App 378, 383; 591 NW2d 325 (1998).

The employment agreement between the parties, which was attached to the complaint,[1] contains several relevant provisions, all of which are discussed in the majority opinion, pertaining to whether plaintiff has pleaded a breach of contract claim. In looking to those provisions, none of them conflict, and none are rendered nugatory if all are enforced. For example, there is nothing internally inconsistent between a provision that sets forth certain grounds for cause to terminate someone's employment, and another provision providing that an employee can be terminated for reasons other than those listed as cause, yet providing a remedy for that employee if that circumstance occurs.

This is precisely what the parties provided for in this written agreement, and enforcing both these provisions results in a harmonious reading of the entire agreement. Under this reading, plaintiff has a specified term of employment, and there are numerous grounds agreed to that would provide cause for her termination. At the same time the parties agreed that if, *during the term of the agreement*, defendant terminated her employment for a reason other than those listed as cause, plaintiff would be entitled to six months' severance pay. That is a benefit not provided to plaintiff if she were terminated for one of the for-cause reasons listed in the contract. Nor would plaintiff be entitled to this benefit *after* the agreement's term expires, as at that point no further written contract would exist between the parties, and as they acknowledge, plaintiff's employment would be "at-will." See e.g., *Kendzierski v Macomb Co*, 503 Mich 296, 313-314; 931 NW2d 604 (2019) (applying contract principles in the context of interpreting a collective bargaining agreement, the court held that a benefit conferred by the contract does not survive expiration of the contract absent express language doing so).

Under these plain terms, the agreement's provisions do not conflict, as they provide that defendant can terminate plaintiff's employment either for one of the reasons listed as cause, or not for one of those reasons—but if the latter occurs, plaintiff is entitled to six months' severance (if she signs a general release). This type of contract, where the employer retains some discretion to terminate employment, was discussed by the *Thomas* Court:

> Consequently, it is somewhat misleading to talk about employment contracts as being either "at-will" or "just-cause." In some employment contracts, employers choose to retain unfettered discretion to terminate an employee's employment when doing so would not violate the law. In other employment contracts, employers agree to limit their discretion to terminate an employee's employment in some way. Employers and employees are free to bind themselves as they wish, and "at-will" and "just-cause" termination provisions are merely extremes that lie on opposite ends of the continuum of possibilities. [*Thomas*, 205 Mich App at 94.]

Because plaintiff's complaint alleges that she was terminated for a reason other than one that is listed as for cause, and that she was offered six months' severance pay if she signed the release,

---

[1] In a contract-based action, the contract attached to the pleading is considered part of the pleading, see MCR 2.113(C)(1) and (2), and summary disposition on the pleadings is appropriate under MCR 2.116(C)(8) "if no factual development could possibly justify recovery." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019).

she has not alleged a valid breach of contract claim under the terms of the agreement. *Id*. at 93-94 (concluding that *Toussaint v Blue Cross & Blue Shield of Mich*, 408 Mich 579, 611; 292 NW2d 880 (1980), and its progeny "have not changed the fundamental proposition that parties to an employment contract are free to bind themselves to whatever termination provisions they wish").

The majority's reading of these provisions causes one part of the contract to be surplusage. For, if defendant is only entitled to terminate plaintiff's employment for one of the listed reasons, then a portion of the employment agreement that requires defendant to make a severance payment when plaintiff is terminated for reasons not listed, would never come into play. But we are not permitted to "ignore portions of a contract . . . in order to declare an ambiguity," *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 467; 663 NW2d 447 (2003), as we must "give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory," *id*. at 468. Enforcing all the terms of the employment agreement mandates a conclusion that plaintiff did not state a valid breach of contract claim.[2] I would also affirm the trial court's order granting defendant's motion for summary disposition of the breach of contract claim.

/s/ Christopher M. Murray

---

[2] It is true that the agreement is for a term of years, and a term of years contract is *presumptively* terminable only for cause. *Toussaint*, 408 Mich at 611. This presumption is not "a substantive limitation on the enforceability of employment contracts but merely a rule of 'construction.'" *Toussaint*, 408 Mich at 597, and "does not prevent proof of actual intent," *Rowe v Montgomery Ward & Co, Inc*, 437 Mich 627, 676 n 14; 473 NW2d 268 (1991) (BOYLE, J., concurring). Because we are dealing with explicit promises made in a written employment contract, as opposed to expectations garnered from general employer policies and procedures, the actual promises made are dispositive.